IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.O.I.TEC SILICON ON INSULATOR TECHNOLOGIES, S.A. and COMMISSERIAT À L'ÉNERGIE ATOMIQUE,<br><br>          Plaintiffs,<br><br>     v.<br><br>MEMC ELECTRONIC MATERIALS, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 08-292-SLR<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 20th day of February, 2009, having considered defendant's motion to dismiss or, in the alternative, for a more definite statement and the parties' related submissions;

IT IS ORDERED that said motion (D.I. 10) is denied, for the following reasons:

1. **Introduction**. Plaintiffs S.O.I.TEC Silicon On Insulator Technologies, S.A. ("SOITEC") and Commissariat à L'Énergie Atomique ("CEA") (collectively, "plaintiffs") filed their complaint against MEMC Electronic Materials Inc. ("MEMC" or "defendant") on May 19, 2008, alleging infringement of U.S. Patents Nos. RE 39484 (the "Bruel patent"), 6,809,009 ("the '009 patent") and 7,067,396 ("the '396 patent") (collectively, the "Aspar patents"). (D.I. 1)

2. **Background**. SOITEC is a French company having a principal place of business in Bernin, France. It is a leading developer of silicon-on-insulator ("SOI")

semiconductor wafers. (D.I. 1 at ¶¶ 1, 2) CEA is the French Atomic Energy Commission, which operates a research facility known as the Laboratory of Electronics and Information Technologies in Grenoble, France. (*Id.* at ¶ 3) CEA is the owner of the Bruel and Aspar patents, which are exclusively licensed to SOITEC. (*Id.* at ¶ 4) MEMC is a Delaware corporation having a principal place of business in St. Peters, Missouri. (*Id.* at ¶ 6) MEMC is also in the SOI business. (*Id.* at ¶ 12)

3. The Bruel patent is entitled "Process for the production of thin semiconductor material films." It originally issued as U.S. Patent No. 5,374,564 ("the '564 patent") and was reissued on February 6, 2007 as RE 93484. (*Id.* at ¶ 10) The Aspar patents are entitled "Method for producing a thin layer of semiconductor material" and issued on October 26, 2004 (the '009 patent) and June 27, 2006 (the '396 patent).

4. The complaint at bar provides that MEMC "makes, sells, and/or offers for sale silicon on insulator ("SOI") wafers and other engineered semiconductor substrates (the "MEMC Products") in the United States; "[o]n information and belief, MEMC manufactures MEMC Products using a method which infringes one or more claims of [the Bruel and Aspar patents.]" (D.I. 1 at ¶¶ 12, 14, 18, 22) No particular products are specified nor manufacturing details provided. Plaintiffs also generally aver that MEMC's infringement of each patent "is and has been willful." (*Id.* at ¶¶ 15, 19, 23) No additional factual allegations appear in support of the willfulness claims.

5. **Standard.** In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 127

S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (hereinafter, "*Twombly*") (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1959.

6. **Discussion**. As plaintiffs point out, the Federal Circuit has recently held that the Federal Rules of Civil Procedure Form 18[1] (2006), setting forth a sample complaint for patent infringement, meets the *Twombly* pleading standard. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). That is, only the following is required: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."[2] *Id.* Form 18 uses for example an allegation that defendant infringes

---

[1] Formerly, Form 16.

[2] The court notes that the complaint in *McZeal* contained more product detail: plaintiff identified defendant's "International Walkie Talkie" machine and the "Motorola

by "making, selling, and using **electric motors** that embody the patented invention"; no further detail is provided.

7. The complaint at bar provides the level of detail suggested by Form 18 and, therefore, passes muster. *See McZeal,* 501 F.3d at 1356-57; *see also gen. Applera Corp. v. Thermo Electron Corp.*, No. Civ. A. 04-1230-GMS, 2005 WL 524589 (D. Del. Feb. 25, 2005) (rejecting challenge to similarly-worded complaint in compliance with Form 16, which identified only "mass spectrometer systems" as the accused products) (pre-*Twombly*). Moreover, in view of plaintiffs' subsequent disclosures,[3] dismissal is not warranted at this time. Defendant's concession that its manufacturing process has evolved over time confirms the need for discovery relating to plaintiffs' infringement claims. (D.I. 14 at 3-4)

8. For the same reasons, the court declines to require more detail with respect

---

i930 and line of wireless VoIP products" as infringing devices. 501 F.3d at 1357. The Court noted that plaintiff, a pro se patent litigant, conceded at oral argument that "he didn't know what device, what mechanism or what means Nextel uses to transmit and connect its telephone customers to the rest of the world," and that plaintiff was able to glean the foregoing from public statements and advertisements. *McZeal*, 501 F.3d at 1357-58.

[3]The court notes that plaintiffs' answering brief contains detail which, if truly "no secret" as plaintiffs assert, could have been contained in the original complaint or provided in an amended complaint, for example: (1) plaintiffs previously brought infringement claims under the '564 patent against Silicon Genesis Corporation ("SiGen") for the same "NanoCleave® process that MEMC is now using" [*Soitec v. Silicon Genesis Corp.*, Civ. No. 99-10826 (D. Mass.)]; (2) SiGen was adjudicated to infringe certain claims of the '564 patent, which were found to be valid and enforceable, while other claims were invalidated under the enablement doctrine; (3) the latter claims were resubmitted to the PTO in amended form, and the '564 patent was eventually reissued; (4) MEMC was made aware of the reissue proceedings and intervened in those proceedings; (5) MEMC is a licensee of SiGen. (D.I. 13) The court does not condone the practice of filing a 10-page answering brief in support of what is essentially a 2-page complaint.

to plaintiffs' willful infringement claims than is required by Form 18. *See gen. Fotomedia Tech., LLC v. AOL, LLC*, Civ. No. 07-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (rejecting challenge to complaint not detailing now defendants were alleged to have willfully infringed the patents-in-suit) (post-*Twombly*).

9. Finally, the court finds that the complaint is not "so vague or ambiguous" that defendant cannot frame a responsive pleading. *Fed. R. Civ. P.* 12(e); *see gen. R2 Technology, Inc. v. Intelligent Systems Software, Inc.*, Civ. No. 02-472-GMS, 2002 WL 31260049 (D. Del. Oct. 9, 2002) (denying motion for a more definite statement where complaint contained the essential facts of Form 16, identifying only "computer-aided detection systems" as the accused products).

10. In view of the foregoing, defendant's motion shall be denied.

IT IS FURTHER ORDERED THAT:

11. A telephonic scheduling conference to be initiated by plaintiffs' counsel shall be held on **Thursday, March 12, 2009, at 9:00 a.m.** *See* D. Del. LR 16.1.

12. Pursuant to the early disclosure requirements of Fed. R. Civ. P. 26(a)(1), counsel shall immediately exchange the following information without formal discovery requests:

> (a) identities of individuals likely to have knowledge of discoverable information that may be used to support the disclosing party's claims or defenses;
>
> (b) documents and things in the possession of counsel or the party that may be used to support the disclosing party's claims or defenses;
>
> (c) identities of experts and their opinions;
>
> (d) insurance agreements in force; and

(e) statement of the basis for any damages claimed.

Counsel should **not** file any of the aforementioned with the court.

13. Prior to the teleconference scheduled herein, counsel shall confer pursuant to Fed. R. Civ. P. 26(f) and shall submit a discovery plan to the undersigned not later than 24 hours prior to the conference with the court. The discovery plan shall conform to the form of scheduling order found on Judge Robinson's website at www.ded.uscourts.gov.

14. At the teleconference with the court, all parties shall be represented by counsel who shall have full authority to bind their clients in all pretrial matters.

15. If any party hereafter enters an appearance, counsel for plaintiff shall notify said party of the above conference and forward to that party a copy of this order.

16. The parties shall advise the undersigned immediately if this matter has been settled or terminated so that the above conference may be canceled.

17. Counsel are further advised that communications to the court by FAX will not be accepted.

_____
United States District Judge