IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.O.I.TEC SILICON ON INSULATOR TECHNOLOGIES, S.A. and COMMISSERIAT À L'ÉNERGIE ATOMIQUE,<br><br>      Plaintiffs,<br><br>v.<br><br>MEMC ELECTRONIC MATERIALS, INC.,<br><br>      Defendant. | ) ) ) ) ) ) ) ) ) Civ. No. 08-292-SLR ) ) ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington this 13th day of October, 2010, having heard oral argument on, and having reviewed the papers submitted in connection with, the parties' proposed claim construction;

IT IS ORDERED that the disputed claim language of the patents in suit, U.S. Patent Nos. RE 39,484 ("the '484 patent"), 6,809,009 ("the '009 patent"), 7,067,396 ("the '396 patent"), 7,498,234 ("the '234 patent"), and 5,834,812 ("the '812 patent"), as identified by the above referenced parties, shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:[1]

1. **"Ion bombardment . . . the ions being hydrogen ions"** or **"hydrogen ion**

---

[1] The parties have identified many disputed terms. The court has construed the terms most essential in view of the parties' infringement positions and positions regarding the validity of the patents in suit.

bombardment" ('484 patent) means that hydrogen ions alone are implanted, i.e., the mono-implantation of hydrogen. Processes in which other gas ions are also introduced (before, after, or with hydrogen) do not satisfy this limitation. (JA-2370; *Soitec, S.A. v. Silicon Genesis Corp.*, 81 Fed. Appx. 734, 738-39 (Fed. Cir. 2003) (unpublished))

2. "**[T]hermally treating the assembly of said wafer and said stiffener at a temperature above that at which the ion bombardment takes place and adequate to create by crystalline rearrangement effect in the microbubbles, a separation between the thin semiconductor material film and the majority of the substrate**" ('484 patent) is exposing a wafer and stiffener that have been intimately contacted to a temperature above that of the ion bombardment phase and sufficient to cause crystalline rearrangement in the microbubbles. The claims do not require a specific minimum temperature for this third stage.

MEMC's proposed construction (requiring a third stage temperature of "at least 500° C") impermissibly narrows the claim. (D.I. 155) The specification teaches that, for silicon, a temperature "above approximately 500° C is necessary to enable the crystalline rearrangement and coalescence of the bubbles to take place with adequate kinetics." ('484 patent, col. 4:25-31) The claims do not require "adequate kinetics," only the effectuation of a separation between layers. Absent a clear disavowal or disclaimer of claim scope in the intrinsic record, the court declines to limit the term as MEMC suggests.

3. "**Implanting hydrogen ions**" ('009 patent) means that hydrogen ions alone are implanted, i.e., the mono-implantation of hydrogen. Processes in which other gas

ions are also introduced (before, after, or with hydrogen) do not satisfy this limitation. (MA-0934; MA-0937; *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Ltd.*, 535 U.S. 722, 736-37 (2002))

4. **"Conducting a subsequent thermal annealing of the semiconductor material substrate at sufficiently low temperature to substantially limit diffusion of gas from the semiconductor material substrate"** ('234 patent) is, for reasons stated in the court's memorandum opinion of the same date,[2] indefinite.

5. **"Bridges"** ('009 patent) are regions of substrate residing between microcavities.

The parties concur regarding this portion of the construction. For the reasons discussed in the court's memorandum opinion of the same date,[3] the court declines to add the additional limitations proposed by MEMC, for example, that the implanted substrate does not blister at 400-700° C, into "bridges."

6. **"The hydrogen ions are introduced into the first substrate at a temperature and at a total amount so as not to fracture the solid bridges during energizing of the first substrate"** ('009 patent) shall not be limited (as MEMC suggests) to include the requirements that a "stable layer" be created that does not form blisters when subjected to a heat treatment between 400-700° C before bonding.

The claims do not recite a "stable layer" and the court declines to narrow them in this regard. The court declines to import a 400-700° C limitation for similar reasons to

---

[2] Pages 28-30.

[3] Pages 31-34.

those discussed in the context of the "bridges" limitation.

7. **"Applying mechanical forces to fracture the solid bridges"** ('009 patent) is applying mechanical force to split the thin film layer and the rest of the substrate into two separate pieces.[4]  The forces internal to the wafer during the thermal treatment step cannot also constitute the "mechanical forces" of the separation step.

8. **"Bonding"** ('009 patent) means causing two surfaces to adhere.[5]

9. **"SOI wafer"** ('812 patent) is not limited to a bond and etch back silicon-on-insolator (or "BESOI") wafer.[6]

9. **"[A] device layer having . . . a bonded surface . . . being bonded generally in its entirety to the oxide layer"** ('812 patent) means that the surface is joined to the oxide layer by bonds created by heat, not by the growth of or formation of a layer.[7]

_____<br>
United States District Judge

---

[4] The parties concur regarding this portion of the construction. The court discusses this limitation at pages 34-36 of its memorandum opinion of the same date.

[5] The court discusses this limitation at pages 45-46 of its memorandum opinion of the same date.

[6] The court discusses this limitation at page 75 of its memorandum opinion of the same date.

[7] The court discusses this limitation at pages 76-78 of its memorandum opinion of the same date.