IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S.O.I.TEC SILICON ON INSULATOR TECHNOLOGIES, S.A. and COMMISSERIAT À L'ÉNERGIE ATOMIQUE ET AUX ENERGIES ALTERNATIVES,<br><br>Plaintiffs,<br><br>v.<br><br>MEMC ELECTRONIC MATERIALS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 08-292-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of October 2010, having reviewed MEMC's motion for reargument;

IT IS ORDERED that said motion is granted (D.I. 329), as follows:

1. **Background.** On October 13, 2010, the court issued its memorandum opinion (D.I. 325) and claim construction memorandum order (327) disposing of twelve pending motions for summary judgment and two evidentiary motions in this matter, which is scheduled for trial commencing October 25, 2010.[1] The court did not address in its opinion MEMC's infringement of the '009 patent and, therefore, that issue is poised for trial.[2]

---

[1]The court incorporates by reference its prior opinions and assumes familiarity therewith for the purpose of the present motion.

[2]Upon review of the papers, the court found that the parties only cursorily addressed the issue of whether MEMC's early, hydrogen-only processes infringe the

2. By its motion, MEMC asks the court to construe the term "bonding a second substrate to the face of the first substrate," as required by asserted claim 4 of the '009 patent. (D.I. 329) The court did not include this term in its prior order, which (as per its practice) focused on only those issues critical to summary judgment.

3. **Discussion**. Claim 1 of the '009 patent claims:

1. A method for producing a thin film comprising:

providing a first substrate having a face surface;

introducing hydrogen ions into the first substrate at the face surface, such that microcavities are formed in the first substrate during or after introducing the ions, wherein the microcavities define a thin film layer extending from the first surface to the microcavities, the microcavities reside between solid bridges of the first substrate, and the hydrogen ions are introduced into the first substrate at a temperature and at a total amount so as not to fracture the solid bridges during energizing of the first substrate;

bonding a second substrate to the face surface of the first substrate; and

applying mechanical forces to fracture the solid bridges.

('009 patent, claim 1) Claim 4, asserted by Soitec against MEMC, depends from claim 2 (further depending from claim 1) and additionally requires applying energy to the first substrate after introducing hydrogen ions. The parties seek that the court construe the relevant limitation as follows:

| Term | MEMC Proposed Construction | Soitec/CEA Proposed Construction |
|---|---|---|
| "bonding a second substrate to the face of the first substrate" | Bonding a second substrate to the implanted surface of the first substrate after the microcavities and bridges have formed in the first substrate and just before the fracturing step. | Causing a second substrate to adhere to the implanted surface of the first substrate. |

In the context of Soitec's validity motion, the court previously found that the term

'009 patent. (D.I. 200 at 16; D.I. 250 at 11-12)

"bonding," as used in the '009 patent claims, means "causing two surfaces to adhere."[3] (D.I. 325 at 45-46)  The issue at bar is whether the claims should be construed as including a temporal limitation regarding when such adhesion takes place.

4. MEMC argued in its claim construction papers that: (1) "the claim language [ ] dictates that the bonding step occurs after formation of microcavities and before the fracturing step;" and (2) the specification teaches that the bonding step occurs after the microcavities are formed and just before the fracturing step occurs when it provides:

> If needed, just before the separation step, an extra step is provided, consisting of bringing said wafer, on the side of said flat face, into close contact with and rigidly fixing it to a support through which mechanical forces such as tensile and/or shearing forces will be applied.
>
> ('009 patent, col. 3:49-53)
>
> The upper part of the substrate, being by nature thin, the tensile stress and/or the shear stress cannot in most cases be comfortably applied directly to it.  It is then preferable, before the separation step, to make the wafer, via its flat face 2, integral with a support or applicator through which the mechanical forces will be applied to the upper part of the wafer.  This applicator is represented in Fig. 4 under reference number 8.
>
> (*Id.*, col. 6:3-10)

Finally, MEMC points out that figures 2-4 show microcavity formation (4) before bonding the applicator (8) to the implanted wafer. (D.I. 167 at 34-35; D.I. 228 at 17)

5. Although the specification provides that it is "preferable" to add a support "before the separation step" or even "just before the separation step," the claims omit

---

[3]The court addressed the term "bonding" in the context of Soitec's motion that the '009 patent is not invalid for failure to meet the best mode requirement of 35 U.S.C. § 112.  It was MEMC's position that the inventors failed to disclose a preferred pre-cleaning technique.  The court found that "bonding" did not encompass pre-bond cleaning and should be construed as "causing two surfaces to adhere." (D.I. 325 at 45-46)

this requirement. The claims do not contain any specific temporal limitations – there is no requirement that any of the process parameters listed be completed "first," "next," "then" or the like. The process must simply "comprise" each of the given steps.

6. MEMC has identified no clear disclaimers that would serve to limit the scope of the broadly-cast claims. *See Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1382 (Fed. Cir. 2009); *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1329 (Fed. Cir. 2009). The court finds, therefore, no occasion to deviate from the general rule that particular (and on occasion, the only) embodiments appearing in the specification will not be read into the claims.

7. Soitec's proposed construction, or "causing a second substrate to adhere to the implanted surface of the first substrate," is in accordance with the plain meaning of the phrase (and the court's prior construction of "bonding"). The jury shall be instructed regarding this meaning of the entire (rather than the parsed) claim limitation.

United States District Judge